SEGOND, Appellant, v. GARLAND, Respondent.

1. Whitesides v. Cannon, ante, p. 457, affirmed.
2. The St. Louis Land Court has jurisdiction of a suit to subject a wife's separate estate to the payment of her debts.

*Appeal from St. Louis Land Court.*

*T. T. Gantt*, for appellant, cited Bell on the Law of Property, 513, 519 ; Norton v. Tourville, 2 P. Will. 144 ; Hulme v. Tenant, 1 Bro. Ch. R. 14 ; 17 Johns. 581 ; 5 J. J. Marsh, 230 ; 3 Vesey, 193 ; 2 Atkins, 69 ; 3 Mylne & Keene, 220 ; 15 Ves. 599 ; 4 Russell, 112 ; 2 Roper on Husband and Wife, 246 ; Clancy on Rights, 346 ; 2 Story's Eq. 1400 ; 10 Mo. 757 ; 18 Cond. Eng. Ch. R. 46 ; 22 Wend. 528 ; 3 Maddox, 200.

*Whittelsey* and *Wickham*, for respondent, cited Sess. Acts, 1853, p. 90 ; McCune v. Hull, 20 Mo. 596 ; M. E. Church v. Jacques, 3 John. Ch. R. 77, 113 ; 1 White & Tudor Lea. Cases in Eq. 405 ; 17 Johns. R. 548, 577, 582 ; 2 Sand. Ch. R. 288 ; Coates v. Robinson, 10 Mo. 757 ; 1 Rawle, 237 ; Thomas v. Folevell, 2 Whart. 11, 16 ; 3 Whart. 315 ; Young v. Ball, 9 Watts, 137 ; Doty v. Michell, 9 S. & M. 435, 447 ; Montgomery v. Agricultural Bank, 10 Smed. & Mar. 555, 576 ; Morgan v. Elam, 9 Yerg. 375, 391, 398 ; Sutton v. Baldwin et al., 8 Humph. 209.

LEONARD, Judge. The question involved in this case we have settled at the present term in Whitesides v. Cannon and wife (ante, p. 457).

In reference to the question of jurisdiction, the remedy sought is against the wife's real estate to subject it to the payment of the debt, and the case therefore is properly cognizable in the Land Court. The judgment is reversed, with the concurrence of Judge Ryland, and the cause remanded for further proceedings.